IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MELANIE OGLETREE, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:19-CV-03806-LMM |
| AETNA LIFE INSURANCE COMPANY, | |
| Defendant. | |

## **ORDER**

Presently before the Court is Plaintiff's second motion to seal documents. Dkt. No. [74]. In the motion, she states that she seeks an Order sealing three filings "and all associated documents and docket information":

- An Order denying Plaintiff's motion for summary judgment and granting Defendant's motion for judgment on the administrative record, Dkt. No. [35];

- Docket text indicating that the civil case was terminated, Dkt. Entry, Dec. 18, 2020; and

- The Clerk's judgment dismissing the action, Dkt. No. [36].

Dkt. No. [74] at 2. She states that she seeks to have these documents sealed in their entirety because they contain highly sensitive personal information, and their availability on PACER and many websites is detrimental to her mental health. Id.

In its Order on Plaintiff's first motion to seal, the Court explained that although there is no absolute right of public access to civil litigation, the public supports the civil justice system through its tax dollars, and the Court therefore must balance the need for confidentiality with the public's right to know. Indeed, this circuit's case law holds that "[o]nce a matter is brought before a court for resolution, it is no longer the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). Thus, "[a]bsent a showing of extraordinary circumstances . . . , the court file must remain accessible to the public." Id.

As to the second two items Plaintiff requests the Court to seal (the docket text indicating that the civil case was terminated and the Clerk's judgment dismissing the action), the Court finds no sensitive information that would justify sealing the documents or docket information. Rather, the documents and docket information are simple procedural records. Plaintiff's motion to seal those materials is therefore **DENIED WITH PREJUDICE**.

On the other hand, the first record Plaintiff requests the Court to seal (the Order denying Plaintiff's motion for summary judgment and granting Defendant's motion for judgment on the administrative record), Dkt. No. [35], does disclose portions of Plaintiff's medical history. However, as the Court noted in its prior Order, a document's sporadic references to personal information will not warrant the sealing of the document as a whole; in such cases, the party seeking a sealing order should file as an exhibit to her motion to seal a redacted

copy of the document she seeks to seal. Dkt. No. [73] at 1-2. Plaintiff did not follow this instruction. See generally Dkt. No. [74]. Thus, the Court **DENIES** her motion to seal **WITHOUT PREJUDICE**[1] as to the Order denying Plaintiff's motion for summary judgment and granting Defendant's motion for judgment on the administrative record. Additionally, to the extent that Plaintiff's reference to "associated documents and docket information" was a request to seal documents or text other than the three entries identified above, the motion is also **DENIED WITHOUT PREJUDICE** for failure to identify those documents by docket number or to provide a redacted copy of the document sought to be sealed.

## CONCLUSION

Plaintiff's second motion to seal documents, Dkt. No. [74], is hereby **DENIED**.

**IT IS SO ORDERED** this 29th day of July, 2022.

_____
**Leigh Martin May**
**United States District Judge**

---

[1] Denial of a motion "without prejudice" means that the motion may be renewed, in contrast with denial of a motion "with prejudice," which means that the Court's decision on the issue is final.