IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MELANIE OGLETREE, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>AETNA LIFE INSURANCE :<br>COMPANY, :<br>:<br>Defendant. : | CIVIL ACTION NO.<br>1:19-cv-03806-LMM |

## **ORDER**

Presently before the Court is Plaintiff's pro se motion to seal documents. Dkt. No. [76]. In the motion, Plaintiff seeks to replace the Court's Order on her motion for summary judgment and Defendant's motion for judgment on the administrative record, Dkt. No. [35], with a proposed redacted version. She also asks the Court to seal all of her records and to remove its Order on her motion for summary judgment and Defendant's motion for judgment on the administrative record from the appellate record. She states that the availability of the documents on the public record has exposed her personal information and has led to harassment and other issues.

**I.      Discussion**

The Court will not seal the entire record. Although there is no absolute right of public access to civil litigation, the public supports the civil justice system through its tax dollars, and the Court therefore must balance the need for confidentiality with the public's right to know. Indeed, this circuit's case law holds that "[o]nce a matter is brought before a court for resolution, it is no longer the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). Thus, "[a]bsent a showing of extraordinary circumstances . . . , the court file must remain accessible to the public." Id. Plaintiff has not made such a showing as to the entire record. Likewise, the Court finds her proposed redactions to its Order on Plaintiff's motion for summary judgment and Defendant's motion for judgment on the administrative record to be overinclusive. Additionally, the Court has no power to remove anything from a docket of the Eleventh Circuit Court of Appeals.

However, the Court finds that Plaintiff's privacy interest in the administrative record outweighs the public's right to know, and it therefore **GRANTS** the motion to seal with regard to the administrative record. The Clerk is therefore **DIRECTED** to place under **PERMANENT SEAL** the documents filed at Docket Entry [22-2] through Docket Entry [22-9].

The Court also finds good cause for redacting its Order on Plaintiff's motion for summary judgment and Defendant's motion for judgment on the administrative record, Dkt. No. [35], albeit less aggressively than Plaintiff has

proposed. Accordingly, the Clerk is **DIRECTED** to place the Court's Order appearing at Docket Entry [35] under **PERMANENT SEAL** and enter the redacted version issued by the undersigned onto the docket.

## II.   Conclusion

The motion to seal, Dkt. No. [76], is **GRANTED IN PART and DENIED IN PART**. The Clerk is **DIRECTED** to place under **PERMANENT SEAL** the documents filed at Docket Entry [22-2] through Docket Entry [22-9] and the document filed at Docket Entry [35]. The Clerk is further **DIRECTED** to enter onto the docket the redacted version of the Court's Order on Plaintiff's motion for summary judgment and Defendant's motion for judgment on the administrative record.

**IT IS SO ORDERED** this 21st day of November, 2022.

_____
**Leigh Martin May**
**United States District Judge**